**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Long, the surviving father of Cynthia Jo Johnson, on his own behalf, and as the Personal Representative of the Estate of Cynthia Jo Johnson, and as the guardian and/or next best friend of minors Christopher Dean Johnson, Sean McKnight, and Samantha McKnight, et al., <br><br>Plaintiffs, <br><br>v. <br><br>Ford Motor Company, et al., <br><br>Defendants. | CV 07-2206-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Defendant TRW Automotive U.S. LLC's (TRW) Motion to Dismiss. (Doc. # 42.)

**I.     BACKGROUND**

On a motion to dismiss, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiffs and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Viewing the allegations in the light most favorable to Plaintiffs, Cynthia Jo Johnson's seat belt failed during an accident in which she suffered fatal injuries.

According to the amended complaint (Doc. # 1-4), on June 19, 2005, Phillip McKnight drove a 2003 Ford Expedition XLT west on Interstate 10 in La Paz County,

1  Arizona. Shauna McKnight, Sean McKnight, Samantha McKnight, Cynthia Jo Johnson,
2  Cherish Leighan Rogers, and Christopher Dean Johnson were passengers in the car. At
3  approximately 5:40 p.m., the tread separated from the right rear tire, causing Phillip
4  McKnight to lose control of the vehicle. The vehicle entered the median and rolled three
5  times. Cynthia Jo Johnson's seat belt failed[1] and she suffered fatal injuries. Phillip McKnight,
6  Shauna McKnight, Sean McKnight, Samantha McKnight, Cherish Leighan Rogers, and
7  Christopher Dean Johnson suffered injuries.

8        On June 18, 2007, Plaintiffs filed a complaint in the Superior Court for the State of
9  Arizona against Defendants Ford Motor Company (Ford); Continental Tire North America,
10 Inc. (Continental); John Does I-X and Jane Does I-X; ABC Corporations I-X; and XYZ
11 Partnerships I-X, ABC Entities. (Doc. # 1-5.) Plaintiffs filed their amended complaint in state
12 court on October 12, 2007, retaining all defendants named in the original complaint[2] and
13 adding Defendant TRW, as well as adding allegations of seat belt failure relevant to front
14 seat passenger, Cynthia Jo Johnson. (Doc. # 1-4.) On November 14, 2007, Defendants Ford
15 and TRW filed for removal to United States District Court in the District of Arizona. (Doc.
16 # 1-1.) The case was removed and Defendant Continental consented to removal on
17 November 15, 2007. (Docs. # 3, 4.)

18       On April 14, 2008, Defendant TRW filed the pending motion to dismiss. (Doc. # 42.)
19 TRW argues that the Plaintiffs' amended complaint asserts new seat belt allegations and adds
20 TRW as a defendant after the two-year statute of limitations expired. Further, TRW argues
21 that the claims against TRW do not relate back to the date of the original complaint. On May
22 15, 2008, Plaintiffs responded that their claims are not barred by the statute of limitations.

---

[1] The Police Report indicates Cynthia Jo Johnson was not wearing her seat belt at the time of the accident, but the driver, Phillip McKnight, states that she was.

[2] Plaintiff also altered their labeling of the named defendants listed last on the original complaint from "XYZ Partnerships I-X, ABC Entities" to "XYZ Partnerships I-X, BC Entities." Plaintiffs indicate in the amended complaint that TRW was substituted for Entity A. (Doc. # 1-4, ¶ 7).

- 2 -

(Doc. # 49.) Plaintiffs argue that the action was timely filed as to minor Plaintiffs and, under the discovery rule, the cause of action did not accrue more than two years before the filing of the amended complaint. Additionally, Plaintiffs argue that the amended complaint relates back to the date of the original complaint. Defendant TRW filed a reply on June 5, 2008. (Doc. # 52.) TRW argues the claims accrued on the day of the accident, the claims do not relate back, and the minors' claims are not subject to tolling.

Plaintiffs allege several claims against the multiple Defendants. Only Defendant TRW filed this motion to dismiss; accordingly, the Court will only consider any claims applicable to TRW. Plaintiffs allege bodily injury claims, under theories of strict liability and negligence, for all occupants of the car. Since the claims against TRW relate to the failure of Cynthia Jo Johnson's seat belt, of the bodily injury claims, only hers is subject to this motion. Further, Plaintiffs allege wrongful death claims, under theories of strict liability and negligence, for Cynthia Jo Johnson's family members: Kenneth Long (father), Mary Jo Long (mother), Cherish Leighan Rogers (daughter), and Christopher Dean Johnson (son). These wrongful death claims are also against Defendant TRW. Therefore, TRW's motion to dismiss only seeks dismissal of Cynthia's bodily injury claims and her four family members' wrongful death claims.

In Arizona, the statute of limitations for strict products liability is two years. *See* A.R.S. §§ 12-542, 551, 681(5). The limitations period for negligence claims is also two years. *See* A.R.S. § 12-542. The parties do not dispute that, absent tolling or application of the discovery rule or relation back, the causes of action accrued on the date of the accident. The auto accident occurred on June 19, 2005 and the amended complaint, which added the seat belt allegations and TRW as a defendant, was filed more than two years after the accident, on October 12, 2007.

## II. ANALYSIS AND CONCLUSION

### A. RULE 12(b)(6)

Arizona civil statutes of limitation are not jurisdictional. *Trujillo v. Trujillo*, 252 P.2d 1071, 1072 (Ariz. 1953); *Osuna v. Wal-Mart Stores, Inc.*, 151 P.3d 1267, 1271 n.4 (Ariz. Ct. App. 2007). Because they are not jurisdictional, the proper method for raising a limitation defense is a motion to dismiss under 12(b)(6) for failure to state a claim, not a motion under 12(b)(1) for lack of subject matter jurisdiction. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995); *Pritchard v. Arizona*, 788 P.2d 1178, 1183 (Ariz. 1990). When a motion to dismiss is based on the expiration of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo*, 68 F.3d at 1206); *see Federal Civil Procedure Before Trial* § 9:194, at 9-48, §9:214.1, at 9-57.

### B. MINORITY TOLLING STATUTE

Plaintiffs argue the claims on behalf of the minors are tolled under A.R.S. § 12-502. The only claims brought on behalf of minors against TRW are the wrongful death claims of Cherish Leighan Rogers and Christopher Dean Johnson.[3] Defendant TRW argues that this tolling statute does not apply to wrongful death claims.

A.R.S. § 12-502 states:

> If a person entitled to bring an action . . . is at the time the cause of action accrues either under eighteen years of age . . ., the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

---

[3] Accordingly, the Court need not address the applicability of A.R.S. § 12-502 to bodily injury claims. Additionally, Plaintiffs inclusion of minors Sean McKnight and Samantha McKnight in its argument (Doc. # 49 at 3) was disregarded by the Court.

- 4 -

1  Both Cherish Leighan Rogers and Christopher Dean Johnson were minors at the time the
2  amended complaint was filed.

3  In 2002, the Court of Appeals of Arizona specifically held that "the minority tolling
4  statute applies to a minor's wrongful death claim." *Porter v. Triad of Ariz.*, 52 P.3d 799, 800
5  (Ariz. Ct. App. 2002), *cert. denied*, No. CV-02-0414-PR, 2003 Ariz. LEXIS 50 (2003). TRW
6  questions the reasoning of *Porter* and argues that *Gomez v. Leverton*, 509 P.2d 735 (Ariz. Ct.
7  App. 1973) and *Engle Bros. v. Superior Court*, 533 P.2d 714 (Ariz. Ct. App. 1975) should
8  control. However, in *Porter*, the Court of Appeals explicitly overturns *Gomez*. 52 P.3d at 802
9  ("We respectfully disagree with *Gomez* and conclude that it was mistaken in determining that
10 the legislature intended that the minority tolling statute would not apply to a minor's
11 wrongful death claim.").

12 In order to apply *Gomez*, this Court would have to overrule the state court's 2002
13 decision and reinstate its 1973 decision. This Court does not have that authority, nor would
14 it be inclined to do so. A federal court interpreting state law is bound by decisions of the
15 state's highest court. *In re Bartoni-Corsi Produce*, 130 F.3d 857, 861 (9th Cir. 1997).
16 Additionally, a federal court is bound by a state appellate court's decision if there is no
17 convincing evidence that the state's highest court would decide the issue differently. *Id.*
18 Considering the Supreme Court of Arizona chose not to hear this issue by denying review
19 of *Porter*, there is no convincing evidence that the state's highest court would decide this
20 issue differently. Accordingly, this Court applies the minority tolling statute to Cherish
21 Leighan Rogers' and Christopher Dean Johnson's wrongful death claims, finding their claims
22 are timely filed.

23 **C. RELATION BACK**

24 After tolling the wrongful death claims filed on behalf of the minors, the following
25 claims remain before this Court in deciding this motion: Cynthia Jo Johnson's bodily injury
26 claim and Kenneth Long's and Mary Jo Long's wrongful death claims. Plaintiffs argue that
27 the claims relate back to the date of the original complaint under Federal Rule of Civil
28

Procedure 15(c)(1)(C). Defendant TRW argues that Arizona Rule of Civil Procedure 15(c) applies, but that the claims do not relate back under federal or state rules.

In general, if a federal rule speaks to an issue in a case that is in federal court on diversity jurisdiction, then the federal rule governs. *See Hanna v. Plumer*, 380 U.S. 460 (1965). Here, Rule 15(c)(1) of the Federal Rules of Civil Procedure addresses the issue of relation back. However, TRW argues that the filing of the amended complaint in state court prior to removal requires application of state law. TRW points to the Ninth Circuit's holding that "the question whether the amended complaint stated a cause of action, including whether it was time-barred, is governed by the law of California because the relevant amendments and service of process preceded removal to federal court." *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980). Plaintiffs dismiss this as dicta in a case that addresses a unique California rule of civil procedure that is substantive law and not a procedural rule. Because the Court reaches the same conclusion when applying either the federal or state rule, it need not decide the choice of law issue.

The text of the federal and Arizona rules of civil procedure governing relation back are substantially similar;[4] but application varies slightly across federal and Arizona case law.

---

[4] Rule 15(c)(1) of the Federal Rules of Civil Procedure provides in relevant part:
(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
. . .
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
Rule 15(c) of the Arizona Rules of Civil Procedure provides in relevant part:

1 Both rules require three elements: (1) claim(s) in the amended pleading must arise out of the
2 same conduct, transaction or occurrence set forth or attempted to be set forth in the original
3 pleading; (2) within the time allowed by law to commence the action plus the period
4 provided for service of the summons and complaint, defendant(s) must have notice so that
5 it will not be prejudiced in defending on the merits; and (3) within the time allowed by law
6 to commence the action plus the period provided for service of the summons and complaint,
7 defendant(s) knew or should have known that, but for mistake concerning the identity of the
8 proper party, the action would have been brought against them. Neither party disputes the
9 timeliness of notice; therefore, only the first and third elements are in dispute.

### 1. Same Conduct, Transaction, or Occurrence

TRW argues that the new seat belt claim does not arise out of the same conduct, transaction, or occurrence because Plaintiffs would have to prove different facts than what would be required to recover on claims alleged in the original complaint. Plaintiffs respond that the claims arise out of the same conduct, transaction, or occurrence because they share a common core of operative facts.

When considering whether a new claim will relate back, the Ninth Circuit considers "whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into

---

(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(I) for service of the summons and complaint, the party to be brought in by amendment, (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

- 7 -

question."[5] *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). A new claim can be linked when it "will likely be proved by the 'same kind of evidence' offered in support of the original pleadings." *Dominguez v. Miller*, 51 F.3d 1502, 1510 (9th Cir. 1995) (quoting *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)). *See also Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993) (disallowing relation back where plaintiff "would have to prove *completely* different facts than would otherwise have been required to recover on . . . the original complaint") (emphasis added). Rule 15(c) is to be liberally applied, especially when the new party will not be disadvantaged. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966) (citing 1A Barron and Holtzoff, Federal Practice and Procedure § 448 (Wright Ed. 1960)). "If the evidence tending to support the facts alleged in the amended complaint could have been introduced under the former pleading, the amendment is not objectionable. . . . The fundamental question is whether the defendant has been put on notice with regard to the claim against him raised by the amended pleading." *Id.*

Arizona case law interprets the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" similarly. Ariz. R. Civ. P. 15(c). The Court of Appeals of Arizona has allowed relation back when the amendment was "based on a factual premise that differ[ed] from the original complaint". *Services Holding Co. v. Transamerica Occidental Life Ins. Co.*, 883 P.2d 435, 445 (Ariz. Ct. App. 1994). The analysis should focus on "whether the defendants were given sufficient notice of the scope of the facts that might be called into question. A party may allege new facts in an amended complaint so long as they relate to the same transaction." *Id.*

The claims against TRW arise out of the same accident as the claims in the original complaint. Under the original complaint, the Plaintiffs could have addressed the defective

---

[5] While *Martell* addresses amendment of a complaint to state a new claim against an original defendant under Rule 15(c)(1)(B), Rule 15(c)(1)(C) specifically requires satisfaction of this test in Rule 15(c)(1)(B) in order to amend a complaint to add a new defendant. Therefore, the Ninth Circuit's interpretation of the same conduct, transaction, or occurrence under Rule 15(c)(1)(B) is equally applicable to its application under Rule 15(c)(1)(C).

- 8 -

1  nature of various components of vehicle, including possibly the seat belt, in its case against
2  the vehicle manufacturer. The accident is the common core of operative facts between the
3  claims in the original and amended complaints. Plaintiffs would present the same kind of
4  evidence, rather than need to prove a completely different set of facts, in order to recover
5  under their amended complaint. The facts underlying the claims are not so substantially
6  different as to defeat relation back based upon the requirement of the same conduct,
7  transaction, or occurrence under either the federal or Arizona rule.

8  TRW argues that Plaintiff must meet a more stringent standard when adding a new
9  party rather than a new claim against an existing party. This stringent standard refers to
10 "greater notice demands and a showing of lack of prejudice," not a technical comparison of
11 detailed facts underlying each claim. *Martell*, 872 F.2d at 324. Both federal and Arizona case
12 law focus on the sufficiency of notice to the defendant in their analysis of the same conduct,
13 transaction, or occurrence. *Id.* at 325; *Services Holding Co.*, 883 P.2d at 445. Neither party
14 disputes that TRW was served with the amended complaint within the time allowed for
15 service of the original complaint. Relation back within the time allowed to serve a timely
16 complaint would not prejudice the defendants in their efforts to investigate and defend the
17 claims.

18 **2. Mistake**

19 TRW argues Rule 15(c) is narrowly limited to permit the relation back of amendments
20 that merely change the parties previously misidentified or misnamed, not to add new parties.
21 Plaintiffs respond that mistake concerning the proper party's identity includes lack of
22 knowledge in identifying the liable party.

23 The Ninth Circuit has not spoken directly on application of the mistake doctrine when
24 adding a new party, rather than replacing an existing party, due to lack of knowledge
25 regarding who is liable. Plaintiff cites *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853 (9th Cir.
26 1986), in support of adding a new party in case of mistake. However, in *Kilkenny*, the
27 amendment addressed adding the proper defendants when notified of their identity by the
28 improper defendant within the statute of limitations. *Id.* at 856. The court held that "a

plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identity of a proper party therefore may cause the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of the plaintiff's mistake." *Id.* at 857.

The majority view among the circuits permits amendment with relation back "in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). Rule 15(c)[6] "does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Id.*; *accord Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004); *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996); *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994). *But see Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 200 (3d Cir. 2001). "The drafters of Rule 15(c)[] included the mistake proviso . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.' Fed R. Civ. P. 15(c)(3), Advisory Committee Notes to 1991 Amendment." *Wayne*, 197 F.3d at 1103. "A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)[] was meant to address." *Garrett*, 362 F.3d at 697; *see also Jacobsen*, 133 F.3d at 321 ("[F]or a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant."); *Cox*, 75 F.3d at 240 ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect

---

[6] Rule 15 was amended in 2007 as part of the general restyling of the civil rules. As a result, former Rule 15(c)(3) is now Rule 15(c)(1)(C).

- 10 -

constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.") (internal citations omitted).

Plaintiffs' amendment naming TRW was not merely to correct a misnomer where the proper defendant was already before the Court. Instead, Plaintiffs sought to add TRW as a new defendant, in addition to the two defendants already before the Court. The mistake requirement was included to correct such formal defects as misnomer and misidentification, and Plaintiffs' replacement of a fictitious party with defendant TRW is not the type of formal defect Rule 15(c) considers. Relation back is not permitted here, where Plaintiffs simply had a lack of knowledge as to TRW's potential liability.

Plaintiffs rely upon Judge Jorgenson's decision in *Centuori v. Experian Information Solutions, Inc.*, 329 F. Supp. 2d. 1133 (D. Ariz. 2004) in its argument that Rule 15(c) does not distinguish among types of mistake concerning identity. While this Court is not bound to follow *Centuori*, that case is also factually distinguishable because the Plaintiff in *Centuori* sued the wrong party and was seeking to add the correct party with liability. *Id.* at 1138 (explaining plaintiff incorrectly "believed that it was Experian, and not MIS, that had the contract with the Public Defender's Office"). Here, Plaintiffs are amending to add an additional liable party, not to effectively replace one party with no potential for liability with another party with alleged liability.

The Plaintiffs' reliance on Judge Silver's analysis in *Brink v. First Credit Resources*, 57 F. Supp. 2d 848 (D. Ariz. 1999) is also misplaced. Judge Silver outlined three patterns where a plaintiff seeks to amend a complaint to add additional parties after the statute of limitations has run: (1) "plaintiff is aware of the potential defendant's identity at the time the original complaint is filed but is uncertain whether the potential defendant may be found liable," (2) "plaintiff is unaware of a potential defendant or its identity at the time the complaint is filed, learns of the potential defendant within the time established in the statute of limitations, but seeks to add only after the statute of limitations has expired," and (3) "when the information about the additional defendant's identity is within the defendants' control but the defendants are not forthcoming." *Id.* at 856. The first two situations cannot

1 be characterized as mistake, but in the third, the mistake concerning identity requirement is
2 satisfied. *Id.* at 856-57.

3 In Plaintiffs' response, they mischaracterize this third situation as not knowing of the
4 potential defendant's liability within the statutory period and dismiss the lack of disclosure
5 by the defendant as merely exemplary to show that plaintiff did not make a strategic decision
6 to name the additional defendant. (Doc. # 52 at 9.) While none of the three scenarios that
7 Judge Silver outlines are on point, perhaps the closest match is the first situation, where
8 relation back is not allowed. Here, Plaintiffs allegedly knew Cynthia Jo Johnson wore her
9 seatbelt and that she was ejected from the car during the accident. Arguably, they did not
10 know whether the component manufacturer may be found liable as opposed to the vehicle
11 manufacturer.

12 Arizona Rule of Civil Procedure 15(c) is modeled after the federal rule and state case
13 law does not suggest it is more liberal in construing the mistake requirement:

> Not every omission of a defendant from an original pleading is a mistake cognizable under Rule 15(c)(2). . . . "[A] mistake of law by counsel regarding whom to name in a lawsuit" is not a Rule 15(c)(2) mistake. . . . Neither is there a Rule 15(c) mistake when "defendants [are] added because of a new legal theory" or "to replace fictitious defendants." . . . Lack of knowledge as to the appropriate defendant -- as opposed to a mistaken belief that a defendant is liable -- does not constitute a Rule 15(c)(2) mistake."

18 *Tyman v. Hintz Concrete, Inc.*, 148 P.3d 1146, 1149 (Ariz. 2006).

19 In this case, addition of TRW under a new legal theory addressing seat belt failure or
20 to replace a fictitious defendant is not a mistake under Arizona law. Plaintiffs were simply
21 unaware of possible liability by TRW during the statute of limitations period; this lack of
22 knowledge does not constitute a mistake. Similar to the plaintiff in *Tyman*, Plaintiffs here
23 argue they acted reasonably but could not discover TRW as a responsible party due to the
24 police report's statement that Cynthia Jo Johnson was not wearing her seat belt and the
25 absence of a timely expert report. To allow relation back despite the absence of a cognizable
26 mistake "conflates the 'discovery rule' for tolling the statute of limitations -- under which the
27 statute does not begin to run until a plaintiff could reasonably have discovered the identity
28 of a responsible defendant . . . -- with the mistake requirement of Rule 15(c)(2)." *Id.* at 1150

- 12 -

(internal citation omitted). Therefore, Plaintiffs' argument that they could not discover TRW as a responsible party will be addressed in discussion of the discovery rule. Accordingly, this Court finds that there was no mistake under either federal Rule 15(c) or Arizona Rule 15(c) and the amended complaint does not relate back to the date of the original complaint.

### D. DISCOVERY RULE

Plaintiffs argue the discovery rule applies here and the date of accrual is a factual question for a jury. Defendant TRW argues that the discovery rule does not apply and therefore the claims accrued on the date of the accident.

Under the discovery rule, "a cause of action 'accrues' when the plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by a *particular* defendant's negligent conduct. The cause of action does not accrue until the plaintiff knows or should have known of both the *what* and *who* elements of causation." *Lawhon v. L.B.J. Institutional Supply, Inc.*, 765 P.2d 1003, 1007 (Ariz. Ct. App. 1988) (emphasis in original). Arizona follows the discovery rule for the accrual of a cause of action in products liability cases, including wrongful death actions. *See Anson v. Am. Motors Corp.*, 747 P.2d 581, 583-84, 587 (Ariz. Ct. App. 1987). The Ninth Circuit has interpreted Arizona law to favor use of the discovery rule and disfavor the defense of statute of limitations. *FDIC v. Jackson*, 133 F.3d 694, 698 (9th Cir. 1998).

While Plaintiffs did not plead the discovery rule specifically in their amended complaint, it did indicate they "became aware of what is believed to be the true and correct name of Defendant TRW Automotive U.S. LLC after the initial filing of the Complaint." (Doc. #1-4, ¶ 7). Read liberally under a notice pleading standard, the Court cannot say as a matter of law that it "would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682.

TRW argues that factual allegations relevant to the discovery rule must be pled in the complaint because the plaintiff in *Anson* did so. However, the *Anson* court does not indicate that the discovery rule *must* be pled. Further, even if pleading of the discovery rule is required, this Court would have to grant leave to amend. *See Eldridge v. Block*, 832 F.2d

1132, 1135 (9th Cir. 1987). TRW also cites *Torrez v. Correctional Corp. of America*, 2008 U.S. Dist. LEXIS 8218, *12 (D. Ariz. Jan. 22, 2008) to support this argument, but the court dismissed that claim because the complaint revealed that the plaintiff *did* know of the potential cause of his injuries more than two years prior to filing.

TRW relies on *Walk v. Ring*, 44 P.3d 990, 994 (Ariz. 2002) to say that the accident put the Plaintiffs on notice to investigate whether the harm was attributable to the fault of someone else and thus the causes of action should accrue regardless of whether Plaintiffs had sought legal or expert opinions. But, *Walk* is a malpractice case and distinguishable from the line of Arizona products liability cases such as *Anson* and *Lawhon*.[7] As the record stands, the date when Plaintiff discovered or should have discovered the causes of action is a disputed issue of fact. Therefore, presuming all facts for the Plaintiffs, it is not appropriate to dismiss the remaining claims on statute of limitations grounds at this time.

Accordingly,

**IT IS ORDERED** that Defendant TRW's Motion to Dismiss (Doc. # 42) is **DENIED**.

DATED this 23rd day of July, 2008.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge

---

[7] TRW cites several other malpractice cases in its characterization of the discovery rule. This Court also distinguishes the instant case from these malpractice cases: *Davis v. United States*, 642 F.2d 328 (9th Cir. 1981); *McManus v. Am. Express Tax & Business Servs., Inc.*, 67 F.Supp.2d 1083 (D. Ariz. 1999); *Trede v. Family Dental Ctr.*, 708 P.2d 116 (Ariz. Ct. App. 1985).