**THE WATTS LAW FIRM**
555 N. Carancahua Street
Tower II Building, 14th Floor
Corpus Christi, Texas 78478-0801
Telephone: (361) 887-0050
Facsimile: (361) 887-0055
E-Mail: dbright@wattslawfirm.com

**David Bright** (*pro hac vice* Granted)
Texas Bar No. 002991490

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016-4859
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail: awr@ashrlaw.com

**Alfred W. Ricciardi -009547**
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH LONG, the surviving father of CYNTHIA JO JOHNSON, on his own behalf, as the Personal Representative of the Estate of CYNTHIA JO JOHNSON, and as Guardian and/or next best friend of minors, CHRISTOPHER DEAN JOHNSON, SEAN MCKNIGHT, and SAMANTHA MCKNIGHT, and MARY JO LONG, the surviving mother of CYNTHIA JO JOHNSON, on her on behalf and as Guardian of CHERISH LEIGHAN ROGERS; and PHILLIP and SHAUNA MCKNIGHT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a foreign corporation; CONTINENTAL TIRE NORTH AMERICA, INC., a foreign corporation; TRW AUTOMOTIVE U.S. LLC, a foreign limited liability company; JOHN DOES I-X and JANE DOES I-X; ABC CORPORATIONS I-X and XYZ PARTNERSHIPS I-X, BC ENTITIES,<br><br>Defendants. | No. CV07-2206-PHX-JAT<br><br><br><br><br><br><br><br><br><br><br><br>**MOTION TO (1) EXTEND TIME TO FILE AN AMENDED COMPLAINT AND (2) FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiffs Kenneth Long, on his own behalf, and as the personal representative of the Estate of Cynthia Jo Johnson, and as Guardian and/or next best friend of minors, Christopher Dean Johnson, Sean McKnight, Samantha McKnight; Mary Jo Long, the surviving mother of Cynthia Jo Johnson; Cherish Leighan Rogers; and Shauna McKnight ("plaintiffs") respectfully request the Court to: (i) Extend the time for filing an Amended Complaint in this matter until such date as the Court grants plaintiffs leave to file an Amended Complaint, and (ii) grant plaintiffs leave to file an Amended Complaint in the form attached hereto as Exhibit "A." The proposed Second Amended Complaint (1) eliminates those defendants who have settled with plaintiffs and the claims against them; (2) adds the name of the TRW entity which TRW AUS has now asserted is the entity that manufactured and installed the defective seatbelts; and (3) adds a claim for personal injury suffered by the minor plaintiff, Sean McKnight, and makes more explicit the claim for personal injury suffered by Shauna McKnight.

This Motion is supported by the following Memorandum of Facts and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  BACKGROUND SUMMARY**

This Action arises out of an accident which occurred on June 19, 2005. On that date Phillip McKnight was driving a 2003 Ford Expedition XLT (hereinafter the "Vehicle") with Shauna McKnight, Sean McKnight, Samantha McKnight, Cynthia Jo Johnson, Cherish Rogers, and Christopher Dean Johnson as his passengers. The Vehicle suffered a right rear tire tread separation, which caused the Vehicle to lose control. Cynthia Jo Johnson was ejected and died. Various other passengers suffered injuries. At the time of her death, Cynthia Jo Johnson was an adult, as was her sister, Shauna McKnight. Sean McKnight was then a minor 6 years of age; Samantha McKnight was a minor 8 months of age; Cherish Rogers was a minor 15 years of age; and Christopher Dean Johnson was a minor 7 years of age. The Ford Expedition was manufactured by Ford Motor Company (hereinafter "Ford"); the tires were manufactured by Continental Tire North America, Inc. (hereinafter "Continental"), and the seatbelts were manufactured by TRW. A complaint was timely filed

against Ford Motor Company and Continental Tire North America, Inc., asserting claims for strict products liability and negligence against all defendants.

Subsequent thereto, and prior to serving the original Complaint, plaintiffs' amended their Complaint on October 12, 2007, to add defendant TRW Automotive U.S., L.L.C. (hereinafter "TRW AUS") as an additional defendant (the "First Amended Complaint"). TRW AUS was named because plaintiffs' prior counsel understood it to be the TRW entity which was responsible for the manufacture, design, production, assembly, and installation of the seatbelt assembles in the Vehicle, and was not aware of any involvement of TRW Vehicle Safety Systems, Inc. ("TRW VSSI").  (Affidavit of John D. Harris, Exhibit B hereto at ¶¶2-6; First Amended Complaint at ¶¶7, 16).

The action was removed by TRW AUS to federal court on the grounds of diversity in November 2007.  The Court entered a Rule 16 Scheduling Order ("Scheduling Order"), on January 26, 2008.  The Scheduling Order provided, *inter alia*, that any Motion to Amend the Complaint must be filed by March 15, 2008.  Promptly following the conclusion of the time set by the Scheduling Order to amend the complaint, defendant TRW AUS filed a Motion to Dismiss the Complaint based on the Statute of Limitations.  TRW AUS did <u>not</u> assert that some other TRW entity was responsible.  After briefing and argument, the Court (i) denied the Motion to Dismiss as to the plaintiffs who were minors at the time of the accident, and (ii) held that there was a question of fact whether the Statute of Limitations had been tolled with respect to the adult plaintiffs.

Defendants Ford and Continental have now agreed to settle this matter.  Defendant Ford has been dismissed from this litigation and defendant Continental is in the process of being dismissed from this litigation.  Accordingly, there remain only the wrongful death and personal injury claims arising out of the defective seatbelts.

In TRW AUS's Answer to the First Amended Complaint, TRW AUS denied that it manufactured or installed the seatbelt, but did not state which TRW entity did so.  In its bench memorandum identifying all members of defendant TRW AUS, it stated that it had a single member, TRW Automotive, Inc., but it did not say that TRW Automotive, Inc.

designed, manufactured, marketed, distributed, or installed the seatbelts, nor did it say which TRW entity had done so.

In the Joint Proposed Case Management Plan filed with the Court in January 2008, TRW AUS set forth numerous alleged defenses, but, it did <u>not</u> state that it did not manufacture, design, market, distribute, develop, or sell the seatbelts, but only that it "may not have" done so. Again, it did not state which TRW entity had done so.

In the Rule 26 Initial Disclosure Statement provided by TRW AUS on February 7, 2008 (attached hereto as Exhibit D"), TRW AUS repeatedly said that it had not completed its investigation, and thereby could not verify the identity of the TRW entity which had provided the component part for Ford. Although Fed. R. Civ. P. 26(a) requires initial disclosure both of names of individuals, and of documents that TRW AUS might use to supports its claims or defenses, which would necessarily require providing information regarding which TRW entity did manufacture, design, etc., the seatbelts in the Vehicle, if not TRW AUS, defendant, again, did not disclose the name of that TRW entity. Rather, TRW AUS asserted that it had not completed its investigation and could not state the identity of the manufacturer until it did so. (<u>See</u> Initial Disclosure Statement, Exhibit D hereto; Affidavit of D. Bright, Exhibit C hereto).

The same assertion was made by TRW AUS to plaintiffs' counsel; counsel for TRW AUS, insisting it could not know which TRW entity had designed, manufactured, etc., the seatbelts until it inspected the Vehicle. (Affidavit of D. Bright, Exhibit C hereto; Affidavit of J. Harris, Exhibit B hereto). Although the Vehicle was available for inspection at reasonable times since the inception of the lawsuit, TRW AUS did not seek to inspect the Vehicle until August 2008, and did not actually inspect the Vehicle until late September 2008, both dates which were well after the amendment cutoff date. (Affidavit of D. Bright, Exhibit C hereto).

It was not until TRW AUS's First Supplemental Disclosure Statement, submitted on October 27, 2008 (attached hereto as Exhibit E), that TRW AUS admitted for the first time that the seatbelt assembly was designed, manufactured, and assembled by TRW VSSI.

However, TRW AUS presented no documents or other evidence in support of that statement (and has still not done so), and repeated its refusal to allow plaintiffs to speak with individuals of TRW AUS who could answer those questions (See November 7, 2008 Letter from TRW counsel, Exhibit K hereto).  In short, TRW AUS, although under no doubt that a TRW entity was involved in the manufacture, design, etc., of the defective seatbelts, (which Ford had labeled as manufactured by TRW; See Exhibit F hereto), did not provide meaningful information regarding the correct TRW entity or entities so involved until well after the date set in the Scheduling Order for filing amendments.  Even now, TRW AUS has not provided the information regarding a basis for its assertion.  Moreover, when asked to stipulate to an amendment to the Complaint to designate the correct entity, counsel for TRW AUS refused to do so.  (See November 7, 2008 Letter from TRW counsel, Exhibit K hereto).  Without timely disclosure by TRW AUS, there was no practical way for plaintiffs to obtain the necessary information to enable them to comply with the Scheduling Order.  It seems evident that TRW AUS's strategy throughout has been to delay in providing meaningful information in an effort to obtain a dismissal based upon a technical failure to amend the Complaint to name the correct party, a failure caused by TRW AUS's stonewalling of requested (and required by Rule) discovery.

II.     **MOTION TO EXTEND TIME TO AMEND COMPLAINT.**

Pursuant to Fed. R. Civ. P. 16(b), a Rule 16 Scheduling Order shall not be modified except by leave of Court, upon a showing of good cause.  For leave to amend pleadings, following the entry of a Scheduling Order, a plaintiff must first establish good cause under Rule 16(b), and then meet the requirements for amendment under Rule 15.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-610 (9th Cir. 1992).  This Section II will address the issue of good cause under Rule 16(b).  The following Section III will address availability of amendment under Rule 15.

In Johnson, *supra*, the court indicated that the primary concern in determining the existence of good cause was the party's diligence in amending the complaint. However, see, Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 157 (N.D. Cal. 2005) (stating that adding

a relevant defendant is good cause under Rule 16(b), even when an amendment comes later in the litigation). Diligence, of course, is a matter that is related to both discovery, and to the timing of the trial, and of the other deadlines established in the case. In this case, subsequent to entry of the Court's Scheduling Order, the parties have stipulated to an extension of several other deadlines that extended the deadlines originally set forth in the Court's January 26, 2008 Rule 16 Scheduling Order, and no trial date has yet been set. These extensions included extending the deadline to disclose identity of plaintiffs' expert witnesses to December 5, 2008, and disclosure of defendants' expert witnesses to February 6, 2009; to extend the deadline for rebuttal expert disclosures to March 9, 2009; and to extend the current deadline for completion of all discovery to April 17, 2009. It is plain that under the current amended deadlines, and any reasonable further extensions that the Court might grant, there would be ample opportunity for even a new party to deal with any matters raised in the proposed Second Amended Complaint, much less for a TRW entity which has been aware of the potential of this litigation since its filing in October 2007. The Court should also note, as discussed below, that TRW VSSI will in any event be required to defend against the claims raised, because at least the minor plaintiffs may bring a separate and independent action against it, if the requested amendment is not permitted in this proceeding.

Plaintiffs are concurrently requesting, by separate motion, an extension of other Scheduling Order dates to accommodate the additional discovery needed by TRW AUS's last minute disclosure of the identity of TRW VSSI as the person at fault. Assuming the Court grants such motion, any claim of prejudice arising from the granting the extension requested herein becomes even more far-fetched.

Furthermore, plaintiffs have been diligent. Plaintiffs could not have had the name of the correct TRW entity, if it is not TRW AUS, prior to the Scheduling Order cutoff date for amendment. A determination of that fact would have been dependent on receipt of appropriate documents and other discovery from TRW AUS, which, however, did not provide it in the short time between the Court's Scheduling Order and the amended cutoff

date some 45 days later. Indeed, plaintiffs could not reasonably have done so before the disclosure on October 27, 2008, and only a few weeks have passed since the first disclosure by TRW AUS to plaintiffs of the TRW entity they assert should be named and the filing of this extension request.

It is also relevant to diligence and the propriety of extension that TRW AUS is responsible for any delay in amending the complaint to establish the proper party. Had TRW AUS promptly disclosed on February 7, 2008, as it was required to do under Rule 26, that the proper party was TRW VSSI, as it now alleges, then the plaintiffs could have undertaken to amend the complaint within the original Scheduling Order cutoff date. However, because TRW did not disclose the proper party, or even a potential proper party, until well after the date set forth in the Rule 16 Scheduling Order, the plaintiffs were unable to timely amend the complaint within the timeframe set. Any delay in filing the amendment lies wholly at the door of TRW AUS.[1]

Finally, and significantly, good cause exists for the extension because the failure to allow this amendment will simply result in the commencement of a separate action by the minor plaintiffs against the proper-named party. As the Court has already determined, the running of the Statute of Limitations on the claims of the minor plaintiffs has been tolled, so that even if amendment is not here allowed, their claims may be separately brought against TRW VSSI, or such other party as may be the proper defendant, in another independent action, which TRW VSSI will presumably then again seek to remove to this Court. It makes no sense to require the filing of a new lawsuit, rather than allowing the amendment of this Complaint.

### III. AMENDMENT IS PROPER UNDER RULE 15.

#### A. <u>LEAVE TO AMEND IS TO BE FREELY GIVEN.</u>

---

[1] TRW AUS has still not provided any discovery establishing relevant facts, as opposed to mere assertions, concerning who designed, manufactured, and installed the defective seatbelts. The amendment seeks to retain TRW AUS as a defendant until such time as either (i) TRW VSSI admits it designed, manufactured, etc. the seatbelts, or (ii) TRW AUS has established it did not.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has instructed that its policy is to favor amendments, and the Rule is to be applied with extreme liberality. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). While a motion to amend may be denied where there is bad faith, undue delay, undue prejudice, and/or futility of amendment, Foman v. Davis, 371 U.S. 178, 182 (1962), none of those exceptions apply here. The amendment is not being filed for reasons of delay, but rather to delete the names of those defendants which have settled; to add the name of the TRW entity which, TRW AUS asserts, is the party which did, in fact, manufacture, design, and sell the seatbelt; to add the claim for personal injury of the minor, Sean McKnight; and to make more explicit the personal injury claim of Shauna McKnight. Moreover, with respect to delay, Rule 15 does not mandate a time limit for amendment. In the Ninth Circuit, delay alone is insufficient to provide grounds to deny and leave to amend. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051-1052 (9th Cir. 2003).

In this case, there is a delay of only one month between the TRW AUS's notification that the proper party is TRW VSSI, and the filing of the request for amendment (and only one year since the filing of the First Amended Complaint, which was amended as a matter of right). The amendment is also not sought for any improper purpose. In addition to deleting claims against defendants who have settled, plaintiffs are amending because they previously did not know the name of the TRW entity, which defendant TRW AUS now claims to be the proper defendant, until the disclosure on October 27, 2008.

Nor does the amendment unduly prejudice TRW AUS, or the proposed new defendant, TRW VSSI. To deny leave to amend, the prejudice must be substantial, Morongo, *supra*, 893 F.2d at 1079, and the party opposing the amendment bears the burden of showing the prejudice, absent the satisfaction of which showing there is a presumption in favor of granting leave to amend. Eminence Capital, *supra*, at 316 F.3d at 1052. The fact of being required to defend itself in the lawsuit is, obviously, not substantial prejudice, because if it were, no new party could ever be added, and Rule 15(c)(1)(C) would be a dead

letter. Nor is delay in the proceedings attendant merely upon the amendment. SAP Aktiengesellschaft v. 12 Technologies, Inc., 250 F.R.D. 472, 474 (N.D. Cal. 2008). There is obviously no substantial prejudice to TRW AUS, which has already been in the case and claims that it is not the proper party in the lawsuit. Adding a new defendant, which TRW AUS has asserted is the actual responsible party only benefits, not prejudices, TRW AUS's position. Insofar as TRW VSSI is concerned, it is not now a party, but it would also not suffer prejudice. The discovery deadline has already been extended into April 2009; TRW VSSI will benefit from the discovery and past involvement in the litigation of its affiliate, TRW AUS; and any specific and different discovery that TRW VSSI may require can be readily dealt with by a short extension of disclosure and discovery dates; extensions which are otherwise already necessitated by the late disclosures of TRW AUS.

As for futility, the addition of a correctly named defendant is clearly not futile, especially when TRW AUS itself is the party claiming that TRW VSSI is the correct defendant, and the claims against TRW VSSI are similar to the remaining claims in the case, which have never been asserted to be futile.

**B.   THE PROPOSED AMENDMENT IS NOT BARRED BY THE STATUTE OF LIMITATIONS.**

Because defendant TRW AUS has previously asserted the bar of the Statute of Limitations, it may be anticipated that TRW VSSI would also raise the question whether the proposed Second Amended Complaint would be timely as to it. With respect to the claims of the minor plaintiffs, the Court held earlier this year that these claims are not barred by the Statute of Limitations. With respect to the adult plaintiffs, Rule 15(c)(1) provides:

> (A)   The law that provides the applicable statute of limitations allows relation back, or
>
> (B)   The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading, or
>
> (C)   The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if within the period provided for by Rule 4(m) for serving the summons and complaint, the party to be brought in

> by amendment: (i) received such notice of the action that the party will not be prejudiced in defending on the merits and (ii) knew or should have known that the action would have been brought against it; but for a mistake concerning the proper party's identity.

**1. All of the Claims of the Adult Plaintiffs Against TRW AUS, As Well As Claims Alleged Against TRW VSSI, and the Personal Injury Claim of Shauna McKnight Arose Out of the Same Transactions, Conduct and Occurrences, The June 2005 Accident, As Underlie the Complaint and the First Amended Complaint.**

There can be no doubt that the allegations against TRW VSSI, and the personal injury claims of Sean McKnight and Shauna McKnight, arose out of the same transactions, conduct and occurrences, the June 2005 accident, as underlie the Complaint and First Amended Complaint.

Claims arise out of the same conduct, transaction, or occurrence if they "share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question." Martell v. Trilogy Ltd., 872 F.2d 322, 327 (9th Cir. 1989) (finding that amended complaint related back where amended complaint added new theory of recovery based on facts alleged in original complaint); Percy v. S. F. Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988). The claims of all plaintiffs against TRW VSSI, in the proposed Second Amended Complaint, arise out of the same events and occurrences as in the First Amended Complaint; namely, the accident on June 19, 2005, and the failure of the seatbelts within the Vehicle. The core operative facts are also the same: wrongful death and injuries to persons. The theory of recovery from the seatbelt failure is based upon individual passenger's death or injury from the defective Vehicle and its component parts.

The Court has already ruled this past summer that the seatbelt claims arose out of the same conduct, transaction, and occurrence as those underlying the original Complaint, and the claim against TRW VSSI is effectively the same claim. The only arguably new claims asserted in the proposed Second Amended Complaint are the claims for personal injury by Sean McKnight, as a result of the failure of his seatbelt, and the claim of Shauna McKnight, for personal injury as a result of being a bystander to the death of her sister. No new events or occurrences are alleged in support of those claims.

**2. Within the Time Set for Serving the Summons and Complaint, TRW VSSI (i) Received Such Notice That it Would Not be Prejudiced By Defending, and (ii) Knew That the Action Would Have Been Brought Against It But for a Mistake Concerning the Proper Party's Identity.**

Notice under Rule 15(c) may be formal or informal. Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1447 (9th Cir. 1990). Although TRW VSSI has not yet been served, the decisions in the Ninth Circuit and others, have established that in parent subsidiary and/or affiliate relationships, and other situations of identity of interest, notice to the parent, or to a closely related affiliate, will be treated as notice to the newly named entity. G.F. Company v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1502-1504 (9th Cir. 1994) (notice to independent claims agent); Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397, 1399-1401 (9th Cir. 1984) (notice to affiliate entity acting as marketing agent is notice to affiliate principal); C. Wright and A. Miller, "FEDERAL PRACTICE AND PROCEDURE" § 1499 (citing rule and cases). TRW AUS and TRW VSSI are both subsidiaries of TRW Automotive Holdings Corp. (See history from SEC filing of TRW Automotive Holdings Corp. attached hereto as Exhibit G.) They share key officers and directors. (See list of TRW Automotive executives at Exhibit H, and list of TRW VSSI executives at Exhibit I; TRW AUS Bench Memorandum, Exhibit J).

In this case, TRW VSSI knew of the Complaint and the First Amended Complaint within the required time period because its affiliate, TRW AUS, was served with the First Amended Complaint within 120 days of the filing of the Complaint. Thus, adequate notice is present. The question of prejudice has been addressed above. There is no undue prejudice to TRW VSSI because no trial date has been set, discovery has already been undertaken by its affiliate, and any further required discovery can be done with short extensions of the existing discovery date. It is also clear that the failure to originally name TRW VSSI was due to mistake.

The language of Rule 15(c)(1)(C), with respect to mistake, is that the party to be brought in knew, or should have known, it would have been brought in "but for a mistake

concerning the proper party's identity." The knowledge is imputed, as discussed above. A mistake is,

> a wrong action or statement proceeding from faulty judgment, inadequate knowledge or inattention . . . [Cites omitted]   . . . Virtually by definition, every mistake involves an element of negligence, carelessness or fault -- and the language of Rule 15(c)(3) does not distinguish among types of mistake concerning identity.

Christopher Centuori v. Experian Information Solutions, Inc., 329 F.Supp.2d 1133, 1138 (D. Ariz. 2004), citing Leonard v. Parry, 219 F.3d 25, 29 (1st Cir. 2000).

Thus, linguistically, the language "but for a mistake concerning the proper party's identity" refers to an error in identifying a defendant, whether by misnomer or lack of knowledge. See Arthur v. Maersk, Inc., *infra*, 434 F.3d at 208.

> It is of no consequence that [the plaintiff's] mistake resulted from lack of knowledge or mere misnomer. . . . A mistake is no less a mistake when it flows from lack of knowledge as opposed to inaccurate description. Both errors render the plaintiff unable to identify the potentially liable party and unable to name that party in the original Complaint.

In Brink v. First Credit Resources, 57 F.Supp.2d 848, 855-857 (D. Ariz. 1999), Judge Silver, noted the various types of cases in which the 15(c)(1)(C) language of "mistake concerning the proper party's identity" is applied. The first is misnomer, where, she observed, everyone agrees 15(c)(1)(C) would apply. The second is where a plaintiff seeks to add a new party. Judge Silver identified three fact patterns: (1) where the plaintiff knows of the potential defendant at the time of the first complaint but is uncertain if liability attaches; (2) where the plaintiff is unaware of the potential defendant's identify when the complaint is filed, but learns of the identity within the statutory period, and still does not timely file; and (3) when the plaintiff does not know of the potential plaintiff's liability within the statutory period. In the first two instances, relation back is said not to be appropriate because there was no mistake; the plaintiff knew the potential identity of defendants but made a conscious decision not to name it, whether for tactical reasons, or simply lack of diligence. In the third situation, however, Judge Silver held, and other cases

agree, there is a mistake concerning the party's identity.  See also Korn, *supra*, G.F. Company, *supra*.

This case, of course, is primarily one of mistake concerning the party's identity, where the identity of the correct TRW entity was not learned until after the Complaint had been filed.  Moreover, exactly as in Brink, the named party, TRW AUS, knew of the mistake, but did not disclose the name of the correct party in timely fashion.

The reasons for requiring notice and mistake for relation back are to prevent a defendant from being prejudiced by having to defend against stale claims, and to prevent a plaintiff from making tactical decisions not to file a timely claim.  The first reason is dealt with in 15(c)(1)(C) by the requirement of notice.  The second reason is dealt with by the requirement of mistake.  Neither purpose is served here by denying relation back.  TRW AUS was served with the First Amended Complaint within the time required by rule for serving the initial Complaint on Ford and Continental, it shares responsible officers and directors with TRW VSSI, and its knowledge is accordingly imputed to TRW VSSI.  TRW AUS has prepared the defense over the last year, and substantial time remains before discovery is closed, and no trial date has been set.  Accordingly, there is no prejudice.  Nor is this a case where plaintiffs have knowledge of TRW VSSI's culpability, but made a tactical decision not to sue TRW VSSI within the statutory period.  The reason for the delay was because TRW AUS stonewalled on disclosure of which of its affiliates had designed, manufactured, etc., the seatbelts.  (See Affidavit of J. Harris, Exhibit B hereto; Affidavit of D. Bright, Exhibit C hereto).

**IV.  CONCLUSION.**

There is good cause for the extension of the time to file an amendment to the Complaint, and amendment is proper under Rule 15.  Accordingly, plaintiffs respectfully request that the Court grant plaintiffs the right to file a Second Amended Complaint in the form attached hereto as Exhibit A, and extend the time to file an amendment to the First Amended Complaint until the Court grants leave to amend the Complaint.

DATED this 26th day of November, 2008.

THE WATTS LAW FIRM

By: /s/ Alfred W. Ricciardi (*with permission*)
David Bright (*pro hac vice* Granted)
555 N. Carancahua Street
Tower II Building, 14th Floor
Corpus Christi, Texas 78478-0801

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

By */s/ Alfred W. Ricciardi*
Alfred W. Ricciardi
4742 North 24th Street
Suite 100
Phoenix, Arizona 85016

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2008, I electronically transmitted this **MOTION TO (1) EXTEND TIME TO FILE AN AMENDED COMPLAINT AND (2) FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brian M. McQuaid, Esq.
Sara V. Ransom, Esq.
SQUIRE, SANDERS & DEMPSEY L.L.P.
40 N. Central Ave., Suite 2700
Phoenix, AZ  85004
    Attorneys for Defendant TRW Automotive, Inc.

Matthew D. Kleifield, Esq.
Robert C. Ashley, Esq.
KUNZ, PLITT, HYLAND, DEMLONG & KLEIFIELD
3838 N. Central Ave., Suite 1500
Phoenix, AZ  85020
    Attorneys for Defendant Continental Tire
    North America, Inc.

*/s/ Diane Ashworth*