**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Long; the surviving father of Cynthia Jo Johnson; on his own behalf and as the Personal Representative of the Estate of Cynthia Jo Johnson; and as the guardian and/or next best friend of minors ...et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Ford Motor Company; et al.,<br><br>Defendants. | No. CV 07-2206-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Extend Time to File an Amended Complaint (Doc. #84), Motion for Leave to File Second Amended Complaint (Doc. #84), and Motion to Extend Scheduling Order Deadlines (Doc. #86). Plaintiffs wish to amend their complaint to eliminate those defendants who have settled, to add a new party, and to add new claims. Further, Plaintiffs request an extension of several scheduling order deadlines. Defendants argue Plaintiffs' requests should be denied for failure to establish good cause. For the following reasons, all of the aforementioned Motions will be denied.[1]

---

[1] On February 18, 2009, at the request of the parties, the Court set these motions for oral argument, to be held on March 30, 2009. On the business day before the argument, counsel moved to continue the argument until at least after April 20, 2009 due to counsel's health issues. In violation of Local Rule 7.3, counsel failed to represent the position of

### I. Factual Background

This case arises from a single-vehicle rollover accident, which occurred on June 19, 2005. (TRW AU Consolidated Response, Complaint, ¶12, Doc. #90, Exh. A.) Phillip McKnight, while driving a 2003 Ford Expedition XLT ("Vehicle"), suffered a right rear tire tread separation, which caused the Vehicle to lose control. (*Id.*) Cynthia Jo Johnson was ejected from the Vehicle and sustained fatal injuries. (*Id.*) The remaining passengers Shauna McKnight, Sean McKnight, Samantha McKnight, Cherish Rogers, and Christopher Dean Johnson received various other injuries. (*Id.*) On June 18, 2007, a complaint was timely filed against Ford Motor Company ("Ford") and Continental Tire North America, Inc. ("Continental") asserting strict product liability and negligence. (*Id.*, ¶¶5-6, 8-9, 15-16.) Plaintiffs amended their complaint, on October 12, 2007, substituting TRW Automotive U.S., L.L.C. ("TRW AU") for "Entity A," and asserting a claim related to a seat belt defect. (TRW AU Consolidated Response, First Amended Complaint, ¶¶7, 18-22, 25, Doc. #90, Exh. B.)

In November 2007, the action was removed to federal court based on diversity jurisdiction. ( Doc. #3.) A Rule 16 Scheduling Order ("Scheduling Order") was entered on January 26, 2008. (Doc. #26.) The deadline to amend the complaint was set for March 15, 2008. (Scheduling Order, Doc. #26.) TRW AU served its initial disclosure statement, on February 7, 2008. (Doc. #90, Exh. C.) TRW AU disclaimed any involvement in the business of manufacturing, designing, or selling seatbelts, but alleged to be unable to identify the responsible party until further investigation was conducted. (TRW AU Consolidated Response, Initial Disclosure Statement of TRW AU, p.7, Doc. #90, Exh. C.) In September

---

opposing counsel, and the Court had to call to verify the motion was unopposed. The Court then vacated the argument.

The Court having now read the motions, and having been fully advised, the Court will not reset the oral argument as the Court now finds that oral argument would not have added in the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). Further, due to the age of this case, the Court will not delay the ruling any longer. Because the request to extend time is denied, the Court confirms the discovery deadline of April 17, 2009 and the dispositive motion deadline of May 18, 2009.

2008, TRW AU inspected the Vehicle. (Motion to Extend Time to File an Amended Complaint, First Supplemental Disclosure Statement, p.3, Doc. #84, Exh. E.) In the First Supplemental Disclosure Statement, TRW AU stated the seatbelt was designed, manufactured, and assembled by TRW Vehicle Safety Systems Inc. ("TRW VSSI"). (*Id.*)

Following settlements, Defendants Ford and Continental have been dismissed from this litigation. (Order on Stipulation for Dismissal, Doc. #64; Order on Stipulation of Dismissal, Doc. #93.) Accordingly, only the wrongful death and personal injury claims against TRW AU remain.

## II. Motion to Extend Scheduling Order Deadlines and Motion to Extend Time to File Amended Complaint

### A. Standard

Both Motions to Extend Time are governed by Federal Rule of Civil Procedure 16 ("Rule 16") and thus will be addressed simultaneously. Normally, attempts to amend complaints are addressed under Federal Rule of Civil Procedure 15 ("Rule 15"), but where an amendment would require an extension of the scheduling order deadlines, Rule 16 is considered first. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). In other words, when the district court has filed a pretrial scheduling order pursuant to Rule 16, a motion seeking to amend the pleadings is governed secondarily by Rule 15(a), only after Rule 16(b) has been satisfied. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Janicki Logging Co.*, 42 F.3d at 566. Accordingly, the Court will first evaluate Plaintiffs' Motions under Rule 16, and then, if necessary, under Rule 15(a). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)[(4)]'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

1   Generally, to meet the burden of Rule 16's "good cause" standard, the movant will
2   be required to show:

3   (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

7   *Jackson*, 186 F.R.D. at 608. Furthermore, the district court may extend the pretrial schedule
8   deadlines "if [they] cannot reasonably be met despite the diligence of the party seeking the
9   extension." *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a
10  finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence
11  or degree of prejudice to the party opposing the modification might supply additional reasons
12  to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
13  modification." *Id.* If the moving party was not diligent, then the inquiry should end and the
14  motion should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.
15  2002); *Johnson*, 975 F.2d at 609.

16  **B.    Analysis**

17  Plaintiffs argue that their requests for the extension of the Scheduling Order deadlines,
18  including to amend their complaint, arise from TRW AU not timely disclosing the proper
19  party responsible for the Vehicle's seatbelts. (Motion to Extend Time to File an Amended
20  Complaint, p.7, Doc. #84; Motion to Extend Scheduling Order Deadlines, p.2, Doc. #86.)
21  Defendant believes both motions should be denied based on the Plaintiffs' lack of due
22  diligence. (TRW AU's Consolidated Response, p.1, Doc. #90.)

23  While it is true that TRW AU did not disclose the proper entity, TRW VSSI, until
24  October 27, 2008, this information was available to Plaintiffs as early as February 25, 2008.
25  In Ford's Initial Disclosure Statement, Ford identified TRW VSSI as the supplier for the
26  seatbelts originally installed in the Vehicle. (TRW AU's Consolidated Response, Ford's
27  Automatic Initial Disclosure, p.10, Doc. #90, Exh. D.) Also, in TRW AU's Initial Disclosure
28  Statement, TRW AU denied having any responsibility for the seatbelts, and provided as a

- 4 -

person with general knowledge the name of a senior engineering manager of TRW VSSI. (TRW AU's Consolidated Response, Initial Disclosure Statement of TRW AU, p.3, 7, Doc. #90, Exh. C.)  The Court also notes that Plaintiffs' counsel works at a sophisticated automotive products liability firm that has engaged in seat belt defect claims against TRW VSSI for five years, including a case involving a 2003 Ford Expedition. (TRW AU's Consolidated Response, p.3, Doc. #90.) *See Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (even under the liberal Rule 15 standard the court stated late amendments "are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action").

Plaintiffs' argue that when Ford made the February 25, 2008 disclosure, former counsel was phasing out of the case, and current counsel was not in a position to act until after the deadline. (Plaintiffs' Consolidated Reply, p.3, Doc. #94.)  First, substitution of counsel is not a valid excuse for delay. *See Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 83-84 (3rd Cir. 1972) (court found there is no merit to a request for additional time for substituted counsel, counsel is bound by pretrial representations of original counsel). Second, new counsel waited nine months after he received Ford's disclosure before he moved for extension of the Scheduling Order deadlines. *See Johns v. Autonation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) (court denied motion requesting extension of time where only explanation for delay was substitution of counsel, and new counsel waited four months to request extension); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (held trial court was correct to deny motion to amend where it was requested four months after the deadline); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (court found no error in denying motion where counsel did not seek to amend until four months after the court issued the scheduling order). When it became apparent to new counsel that he would be unable to meet the Scheduling Order deadlines, it was not diligent to wait nine months before moving for an extension of time.

Furthermore, Plaintiffs explained the nine month delay on the reasoning that "it was more prudent for plaintiffs, the deadline having already passed, to await the results of the

- 5 -

1 investigation by TRW AU[] than to rush to amend." (Plaintiffs' Consolidated Reply, p.3, Doc. #94.) Based on this statement, the Court finds the delay was the result of a tactical decision. A tactical decision to delay does not merit good cause. *See Acri v. Int'l Ass'n of Machinists and Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (even under the liberal Rule 15 standard the court found no error in denying the motion to amend complaint where the delay was the result of a tactical decision).

Plaintiffs' allege TRW AU is responsible for the delay by "discovery stonewalling." (Motion to Extend Scheduling Order Deadlines, p.2, Doc. #86; Motion to Extend Time to File an Amended Complaint, p.7, Doc. #84.) Whether or not TRW AU intentionally prolonged the delay in identifying TRW VSSI as the responsible entity is not relevant here because Plaintiffs were not diligent. As discussed above, Rule 16 focuses on the diligence of the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). TRW AU's actions did not prevent Plaintiffs from moving to amend the complaint and requesting an extension of the Scheduling Order using the disclosure by Ford and its prior knowledge of seat belt defect claims. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (court found no error in denying motion to amend when plaintiff had information to support amendment for a year prior). Therefore, Plaintiffs have failed to show good cause to justify an extension of the Scheduling Order deadlines.

Plaintiffs also moved to amend the complaint to add a claim for personal injury for Sean McKnight, and make the personal injury claim for Shauna McKnight more explicit.[2] (Motion to Extend Time for Amended Complaint, p.2, Doc. # 84.) Plaintiffs provide no explanation as to why good cause exists to add these claims. Therefore, Plaintiffs have not shown, under the Rule 16 standard, why these claims could not have been added or amended before the deadline. Accordingly, both Motions for Extension of the Scheduling Order deadlines will be denied.

---

[2] Plaintiffs also moved to eliminate Ford and Continental from their original complaint, but this issue is moot as both defendants have been dismissed from this litigation. (Doc. #64; Doc. #93.)

- 6 -


Based on the foregoing,

**IT IS ORDERED** denying Plaintiffs' Motion to Extend Scheduling Order Deadlines (Doc. #86).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Extend Time to File an Amended Complaint (Doc. #84).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Leave to File Second Amended Complaint as it is rendered moot based on the denial of the Motion to Extend Time to File an Amended Complaint (Doc. #84).

DATED this 1st day of April, 2009.

James A. Teilborg
United States District Judge