**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Long, the surviving father of Cynthia Jo Johnson, on his own behalf, and as the Personal Representative of the Estate of Cynthia Jo Johnson, and as the guardian and/or next best friend of minors Christopher Dean Johnson, Sean McKnight, and Samantha McKnight, et al., <br><br>Plaintiffs, <br><br>v. <br><br>Ford Motor Company, et al., <br><br>Defendants. | CV 07-2206-PHX-JAT <br><br>**ORDER** |

Plaintiffs have filed a Motion to Voluntarily Dismiss Defendant TRW Automotive U.S., LLC Pursuant to Rule of Civil Procedure 41(a)(2). (Doc. #102.) Plaintiffs request that the Court dismiss the case without prejudice. Defendant TRW Automotive U.S., LLC ("TRW AUS") argues that the dismissal should be with prejudice.[1]

On October 27, 2008, after performing an inspection, TRW AUS told Plaintiffs that it had determined that the seatbelt assembly at issue in this case was designed in part, manufactured in part, and finally assembled by TRW Vehicle Safety Systems, Inc. ("TRW VSSI"), which was the proper defendant. However, during the discovery process, Defendant

---

[1] The Court previously has dismissed all other Defendants.

1  TRW AUS repeatedly requested that Plaintiffs dismiss the claims against it because it had
2  no responsibility for the seatbelt assembly. And, as early as February of 2008, Plaintiffs had
3  information from former Defendant Ford that TRW VSSI was the supplier for the seatbelts
4  originally installed in the subject vehicle.[2]

5  Because Defendant TRW AUS has answered, Plaintiffs can voluntarily dismiss this
6  case only with the Court's permission. Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) allows a
7  plaintiff, pursuant to court order, and subject to any terms and conditions the court deems
8  proper, to dismiss an action without prejudice at any time. *Westlands Water Dist. v. United
9  States*, 100 F.3d 94, 96 (9th Cir. 1996)(citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
10  889 F.2d 919, 921 (9th Cir. 1989)). When deciding whether to grant a motion to dismiss
11  without prejudice, the Court must determine whether the Defendant will suffer some plain
12  legal prejudice as a result of the dismissal. *Westlands*, 100 F.3d at 96. The Court should
13  grant a motion for voluntary dismissal unless a defendant can demonstrate that it will suffer
14  some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

15  Legal prejudice means "prejudice to some legal interest, some legal claim, some legal
16  argument." *Id*. at 976 (internal citations omitted). Neither the threat of future litigation,
17  which causes uncertainty, nor a plaintiff's delay in moving for dismissal, nor the substantial
18  expense that a defendant has incurred in defending up until the motion to dismiss sufficiently
19  establishes plain legal prejudice. *Westlands*, 100 F.3d at 96-97. Also, plain legal prejudice
20  does not result "merely because the defendant will be inconvenienced by having to defend
21  in another forum or where a plaintiff would gain a tactical advantage by that dismissal."
22  *Smith*, 263 F.3d at 976.

23  Defendant TRW AUS has argued that Plaintiffs unnecessarily delayed in moving to
24  dismiss it as a party, but TRW AUS has not demonstrated that it will suffer plain legal
25  prejudice if the Court grants Plaintiffs' Motion to Voluntarily Dismiss. The Court therefore

---

[2] The Court denied Plaintiffs' Motion for Leave to Amend the Complaint to add TRW VSSI as a Defendant on April 1, 2009.

will grant the Motion to Voluntarily Dismiss without Prejudice.[3]

Accordingly,

**IT IS ORDERED** Granting Plaintiffs' Motion to Voluntarily Dismiss Defendant TRW Automotive U.S., LLC Pursuant to Rule of Civil Procedure 41(a)(2), without prejudice (Doc. #102). This Order disposes of this case in its entirety.

DATED this 28th day of July, 2009.

_____
James A. Teilborg
United States District Judge

---

[3] The Court grants the pending Motion to Voluntarily Dismiss without prejudice to TRW AUS later filing for attorneys' fees and costs incurred in this case if Plaintiffs sue TRW AUS on the same claims in a different court or forum. *See, e.g., Westlands Water Dist. v. United States*, 100 F.3d 94, 97(9th Cir. 1996)(holding that while the substantial expense incurred by a defendant in defending a case does not justify denying a motion to dismiss without prejudice, courts can protect a defendant's interest by conditioning a dismissal without prejudice upon the payment of appropriate costs and attorney fees).